# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>PUYALLUP BASKETBALL ACADEMY, a member of Sports, Leisure & Entertainment RPG; JONNIE R. BARR and SUE E. BARR, husband and wife; and SHARI FURNSTAHL, Guardian *ad litem* for C.F., a minor child;<br><br>Defendants. | No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

TO THE HONORABLE COURT:

Plaintiff Nationwide Mutual Insurance Company ("Nationwide"), by and through its counsel of record, seeks declaratory judgment pursuant to 28 U.S.C. §2201 and FRCP 57, defining the scope of the contractual duties owed by Nationwide under insurance policies issued to Puyallup Basketball Academy ("PBA"), and respectfully states, alleges, and prays as follows:

## I. Parties

1. Plaintiff Nationwide is an insurance company incorporated under the laws of the State of Ohio, where its principal offices are located and where it is domiciled.

COMPLAINT FOR DECLARATORY JUDGMENT - 1

JOHNSON, GRAFFE,
KEAY, MONIZ & WICK, LLP
ATTORNEYS AT LAW
925 FOURTH AVENUE, SUITE 2300
SEATTLE, WASHINGTON 98104
PHONE (206) 223-4770
FACSIMILE (206) 386-7344

2. Defendant PBA is not incorporated in any state, but is a business operated by the defendants Jonnie and Sue Barr in Puyallup, Washington, at the address of 14111 Pioneer Way East, Puyallup, Pierce County, Washington. PBA purports to teach fundamental basketball skills to developing children and youth, and operates "club" or "elite" practices, skills sessions, and basketball game programs.

3. Defendant PBA is a named insured under the insurance contracts at issue here. PBA is a member of Sports, Leisure & entertainment RPG, though which it obtained insurance coverage.

4. Defendant Jonnie R. Barr resides in Puyallup, Pierce County, Washington, and owns PBA with his wife. Upon information and belief, Mr. Barr is a principal and/or employee of PBA.

5. Defendant Sue Ellen Barr resides in Puyallup, Pierce County, Washington, and owns PBA with her husband. Upon information and belief, Ms. Barr is a principal and/or employee of PBA.

6. Defendant Shari Furnstahl and her daughter C.F., reside in Sumner and/or Lake Tapps, Pierce County, Washington. Although not insured under the insurance contract at issue here, this defendant is included herein because she may have a derivative interest in the outcome of this declaratory ruling by the Court.

## II. Jurisdiction and Venue

7. This Court has jurisdiction over this action by diversity pursuant to 28 U.S.C. §1332, inasmuch as the plaintiff Nationwide (Ohio) and the defendants (Washington) are citizens of different states, and the amount in controversy between the

COMPLAINT FOR DECLARATORY JUDGMENT - 2

JOHNSON, GRAFFE,
KEAY, MONIZ & WICK, LLP
ATTORNEYS AT LAW
925 FOURTH AVENUE, SUITE 2300
SEATTLE, WASHINGTON 98104
PHONE (206) 223-4770
FACSIMILE (206) 386-7344

parties relates to insurance coverage for a claim, wherein the demand by Ms. Furnstahl and C.F. in the underlying action (*Furnstahl v. Barr, et al.*, No. 14-2-07951-1, Pierce County Superior Court, Washington) is well in excess of the jurisdictional amount of $75,000.

8. Venue is proper in this federal district, because the insurance policy issued to the defendant PBA was issued in Pierce County, Washington, and because all defendants reside in the district and within Pierce County.

### III. Factual Background

9. Plaintiff Nationwide issued two potentially applicable insurance policies to the defendant PBA through Sports, Leisure & Entertainment.

10. The first certificate of insurance for PBA is dated November 18, 2009, and names "Puyallup Basketball" as an insured under the Sports, Leisure & Entertainment policy number 6BRPG0000004470500, comprehensive general liability coverage ("2009 Policy"). The second certificate is dated December 1, 2010, for coverage PBA under the Sports, Leisure & Entertainment policy number 6BRPG0000004798700, comprehensive general liability coverage ("2010 Policy"). These certificates of insurance and policies cover occurrences under the 2009 Policy for one year from December 30, 2009, and 2010 Policy for one year from December 30, 2010 through December 30, 2011.

11. Defendant PBA and the defendant Barrs were sued on April 18, 2014, in Washington state court ("Underlying Suit"), by the defendant Shari Furnstahl as guardian for her minor daughter C.F.

COMPLAINT FOR DECLARATORY JUDGMENT
- 3

JOHNSON, GRAFFE,
KEAY, MONIZ & WICK, LLP
ATTORNEYS AT LAW
925 FOURTH AVENUE, SUITE 2300
SEATTLE, WASHINGTON 98104
PHONE (206) 223-4770
FACSIMILE (206) 386-7344

12. The Underlying Suit alleged that while 7-8 years old and while she was attending PBA from September 2010 to September 2011, C.F. was "assaulted", falsely imprisoned, unlawfully detained, and had her privacy invaded. Without any factual detail, the Underlying Suit listed the causes of action as "negligence, invasion of privacy, battery, assault, intentional infliction of emotional distress, and false imprisonment".

13. Upon information and belief, the Underlying Suit is based foundationally on actions by the defendant Mr. Barr, who agreed to a plea of guilty to 4th degree Assault on November 4, 2013. In that criminal court record in Pierce County District Court, Mr. Barr wrote that "I assaulted another person (CNF, DOB 9/13/03) intentionally by having unpermitted and/or offensive contact with that person."

14. The Barrs and PBA sought insurance coverage and defense counsel from the plaintiff Nationwide for the Underlying Suit. On May 3, 2014, the plaintiff Nationwide, though counsel, issued a reservation of rights letter to the defendants PBA and the Barrs, and defense counsel was assigned to them for a defense of the Underlying Suit pending further information about the "intentional", "criminal" and "sexual" nature of the allegations and factual background.

15. The 2009 Policy provides coverage for "sums that the insured becomes obligated to pay as damages because of the 'bodily injury' . . . to which the insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit'

**COMPLAINT FOR DECLARATORY JUDGMENT**
- 4

JOHNSON, GRAFFE,
KEAY, MONIZ & WICK, LLP
ATTORNEYS AT LAW
925 FOURTH AVENUE, SUITE 2300
SEATTLE, WASHINGTON 98104
PHONE (206) 223-4770
FACSIMILE (206) 386-7344

seeking damages for 'bodily injury' . . . to which the insurance does not apply. . . ." (CG 00011204) The 2010 Policy has similar language.

16. The 2009 Policy and the 2010 Policy does not provide coverage for emotional distress or mental suffering, unless specifically "resulting from bodily injury, sickness, or disease." (SRPG 26387)

17. In addition, the following exclusions of coverage for intentional conduct are listed therein:

> 1. Exclusions
>
> This insurance does not apply to:
>
>> a. Expected or Intended Injury
>>
>> "Bodily injury" . . . expected or intended from the standpoint of the insured. (CGL Coverage Form, Section 1 – Coverages; Endorsement SRPG26387)

18. In addition, there is an exclusion for any criminal activity in Endorsement SRPG26583, "Professional Liability Coverage". The contract excludes coverage for "<u>any liability</u> arising out of <u>any</u> dishonest, fraudulent or <u>criminal act committed by any insured</u>." SRPG26583 (emphasis added).

19. In addition, exclusions to coverage are listed therein for abuse, assault, and any intentional sexual misconduct:

> This insurance does not apply to . . . (a) the actual, threatened or alleged abuse, molestation, harassment or sexual conduct by anyone of any person in your care, custody and control. . . . (SRPG 8015 -- Abuse, Molestation, Harassment or Sexual Conduct Exclusion; SRPG 2146)

20. In addition, exclusions to coverage are contained therein for negligent supervision of someone who abuses, assaults or engages in sexual misconduct:

**COMPLAINT FOR DECLARATORY JUDGMENT - 5**

JOHNSON, GRAFFE, KEAY, MONIZ & WICK, LLP
ATTORNEYS AT LAW
925 FOURTH AVENUE, SUITE 2300
SEATTLE, WASHINGTON 98104
PHONE (206) 223-4770
FACSIMILE (206) 386-7344

> This insurance does not apply to . . . (b) the negligent . . . (iii) supervision . . . of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above [abuse, molestation, harassment or sexual conduct]. (SRPG 8015; SRPG 2146)

21. Other exclusions and reasons may apply to the Court's consideration of this coverage question, and the Complaint refers the Court to both the 2009 Policy and the 2010 Policy for additional reasons the insurance does not apply and exclusions of coverage. By way of example only and not limited hereto, the policies exclude "child care services" (SRPG26055). Upon information and belief, the defendant Furnstahl may claim below that Mr. Barr's unwanted touching and/or kissing occurred after basketball practice, in a restaurant, or at the Barrs' home. Such times, when the Barrs were providing child care for Ms. Furnstahl, are not covered under these policies.

22. The parties, including the plaintiff Nationwide, have attempted resolution by mediation, but have been unable to date to resolve the Underlying Suit.

23. Trial in the Underlying Suit is presently scheduled in state court for October 15, 2015.

### IV. Cause of Action (Declaratory Request)

24. The plaintiff Nationwide reasserts the facts and allegations set forth in paragraphs 1 through 23 above.

25. The plaintiff Nationwide asserts that there is an actual controversy within the Court's jurisdiction, because the insured PBA and the Barrs have demanded coverage and a defense against the Underlying Suit and because the plaintiff Nationwide has

COMPLAINT FOR DECLARATORY JUDGMENT - 6

JOHNSON, GRAFFE, KEAY, MONIZ & WICK, LLP
ATTORNEYS AT LAW
925 FOURTH AVENUE, SUITE 2300
SEATTLE, WASHINGTON 98104
PHONE (206) 223-4770
FACSIMILE (206) 386-7344

asserted a reservation of rights as to coverage, which requires the Court's determination of such rights.

26. In accordance with the facts, allegations, and insurance provisions set forth above, the plaintiff Nationwide asserts that there is no insurance coverage for the defendant Mr. Barr's actions under the 2009 Policy and the 2010 Policy, and seeks the Court's declaration that there is no such insurance coverage thereunder.

27. In accordance with the facts, allegations, and insurance provisions set forth above, the plaintiff Nationwide asserts that there is no insurance coverage for the defendants Ms. Barr or PBA under the 2009 Policy and the 2010 Policy, because whatever negligence is claimed against them is derivative of Mr. Barr's non-covered actions, and seeks the Court's declaration that there is no such insurance coverage thereunder.

28. In accordance with the facts, allegations, and insurance provisions set forth above, the plaintiff Nationwide asserts that because there is no insurance coverage for the defendants Mr. and Ms. Barr or for defendant PBA under the 2009 Policy and the 2010 Policy, there is no broader duty to defend, either, and seeks the Court's declaration that there is no duty to defend thereunder.

## VIII. Relief Requested and Prayer

29. The plaintiff Nationwide requests the Court's consideration of whether there is coverage under the 2009 Policy and/or under the 2010 Policy, when the Underlying Suit bases its allegations on intentional and/or criminal actions and when all

COMPLAINT FOR DECLARATORY JUDGMENT - 7

JOHNSON, GRAFFE,
KEAY, MONIZ & WICK, LLP
ATTORNEYS AT LAW
925 FOURTH AVENUE, SUITE 2300
SEATTLE, WASHINGTON 98104
PHONE (206) 223-4770
FACSIMILE (206) 386-7344

causes of actions made in the Underlying Suit flow from those intentional and/or criminal actions.

30. The plaintiff Nationwide requests that the Court enter judgment stating that the 2009 Policy and the 2010 Policy do not provide coverage and do not apply to the allegations made against PBA or the Barrs.

31. The plaintiff Nationwide requests that the Court enter judgment stating that Nationwide may deny coverage for PBA and the Barrs, and that it has no further duty to defend PBA or the Barrs.

32. The plaintiff Nationwide hereby pleads all other conditions, terms, limitations, definitions and exclusions under the applicable policies that may be found necessary for the Court's consideration, and reserves the right to amend this Complaint for Declaratory Judgment, as necessary.

33. The plaintiff Nationwide further prays for all other and further relief as is equitable and just, including attorney fees and legal costs under 28 U.S.C. §2202.

DATED this 2nd day of March, 2015, at Seattle, Washington.

JOHNSON, GRAFFE, KEAY,
MONIZ & WICK, LLP

By _____
D. Jeffrey Burnham, WSBA #22679
Michelle A. Taft, WSBA #46943
Attorneys for Plaintiff Nationwide
925 4th Avenue, Suite 2300
Seattle, WA 98104
djburnham@jgkmw.com
taftm@jgkmw.com
206-223-4770

COMPLAINT FOR DECLARATORY JUDGMENT
- 8

JOHNSON, GRAFFE, KEAY, MONIZ & WICK, LLP
ATTORNEYS AT LAW
925 FOURTH AVENUE, SUITE 2300
SEATTLE, WASHINGTON 98104
PHONE (206) 223-4770
FACSIMILE (206) 386-7344